IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELBY G. HEIFETZ,<br><br>    Plaintiff,<br><br>  v.<br><br>BREED PROPERTIES et al.,<br><br>    Defendants. | No. C 16–1490 CRB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR DEFAULT JUDGMENT** |

Plaintiff Shelby Gail Heifetz ("Heifetz") brings this Motion for Default Judgment against Defendants Breed Properties and Nation's Foodservice, Inc. ("Foodservice") d/b/a Nation's Giant Hamburgers (collectively, "Defendants"). See generally Mot. (dkt. 13). On July 20, 2016, the court clerk entered default against Defendants. See generally Entry of Default (dkt. 10, 11). Defendants have not filed responses with the Court.

The Court held a hearing on the present motion on February 17, 2017. See Minute Entry (dkt. 20). Because Breed Properties has not been properly served in the present action, the Court DENIES the motion for default judgment as to Breed Properties. For the reasons outlined below, however, the Court GRANTS the motion as to Foodservice, and awards declaratory relief, injunctive relief, statutory damages, attorneys' fees, and litigation costs.

## I.  BACKGROUND

Heifetz is a legally blind person who uses a white cane when ambulating. Compl. (dkt. 1) ¶ 11. Defendants own, operate, manage, and/or lease Nation's Giant Hamburgers ("Nation's") located at 76 Moraga Way, Orinda, California. Id. ¶ 8. Heifetz is a frequent patron of Nation's, with documented visits on September 2, 2014, and January 15, 2015. Id. ¶ 14. During her visits to Nation's, Heifetz encountered difficulty entering Nation's due to the weight and closure speed of the entrance door. Id. ¶ 15. Once inside Nation's, Heifetz

1 experienced difficulty navigating due to the confusing path of travel and various protruding
2 items. Id. ¶16. Heifetz also experienced difficulty when using Nation's' restrooms because
3 the door was "very heavy," closed very quickly, and lacked braille signage. Id. ¶ 17.

4     On March 23, 2015, Heifetz filed a complaint pursuant to Title III of the Americans
5 with Disabilities Act of 1990 ("ADA"), the California Disabled Persons Act, the California
6 Unruh Civil Rights Act, the California Health and Safety Code, and the California Business
7 and Professions Code. See generally Compl. The complaint seeks an award of declaratory
8 relief, injunctive relief, statutory damages, attorneys' fees, and costs. Id. at 14.[1]

9     The Court issued summons for Defendants on March 28, 2015. Summons (dkt. 5).
10 On April 5, 2016, a registered process server personally served Foodservice by providing a
11 copy of the summons and the complaint to David Ballot, the person authorized to accept
12 service of process on behalf of Foodservice. Proof of Service of Summons (dkt. 6). On
13 April 12, 2016, a process server attempted to personally serve Ned Robinson, the person
14 authorized to accept service of process on behalf of Breed Properties, at 3730 Mt. Diablo
15 Blvd. #300, Lafayette, CA 94549. Proof of Service on Breed Properties (dkt. 7). Instead, the
16 process server left a copy of the summons and the complaint with Stephanie Varisto, the
17 person in charge at 3730 Mt. Diablo Blvd. #300, Lafayette, CA 94549, and mailed an
18 additional copy to said address. Id.

19     On July, 19, 2016, Heifetz requested that the court clerk enter default. Motion for
20 Entry of Default (dkt. 9). The clerk entered default against Defendants on July 20, 2016.
21 Entry of Default (dkts. 10, 11). On December 12, 2016, Heifetz filed the present motion for
22 default judgment. Mot. (dkt. 13).

23 **II.   LEGAL STANDARD**

24     Pursuant to Federal Rule 55(b), the Court may enter a default judgement upon motion
25 by the Plaintiff after entry of default by the clerk. See Fed. R. Civ. P. 55(b). Whether to
26 grant a motion for the entry of a default judgment is within the discretion of the trial court.

27
28     [1] Because Heifetz's Prayer for Relief does not use contiguous paragraph numbering, the Court instead references the page number here for purposes of clarity.

See Lau Ah Yew v. Dulles, 236 F.2d 415, 416 (9th Cir. 1956).  Upon an entry of default by the clerk, the factual allegations of the plaintiff's complaint will be taken as true, except those relating to the amount of damages.  See Derek Andrew, Inc. v. Poof Apparel Corp., 528 F.3d 696, 702 (9th Cir. 2008).  If the facts necessary to determine damages are not contained in the complaint, or are legally insufficient, they will not be established by default.  See Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992).

A court should consider seven discretionary factors, often referred to as the "Eitel factors," before issuing a decision on a motion for default judgment.  Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986).  The Eitel Factors are as follows:  (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the likelihood of obtaining a decision on the merits.  Id.

### III.    DISCUSSION

#### A.    Service of Process

When a plaintiff requests default judgment, the court must first assess whether the defendant was properly served with notice of the action.  See, e.g., Solis v. Cardiografix, No. 5:12–cv–01485 EJD, 2012 WL 3638548, at *2 (N.D. Cal. Aug. 22, 2012).  Under Federal Rule of Civil Procedure 4(h)(1)(B), a domestic corporation may be served "by delivering a copy of the summons and the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(h)(1)(B).  In the alternative, Rule 4 provides that service on a corporation may be effectuated in accordance with state law.  See Fed. R. Civ. P. 4(e)(1), (h)(1)(A).

Section 416.10 of the California Code of Civil Procedure provides that a corporation may be served by "delivering a copy of the summons and the complaint . . . [t]o the person designated as agent for service of process [or] [t]o the president, chief executive officer, or other head of a corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager or person

1  authorized by the corporation to receive service of process." Cal. Code Civ. Proc. § 416.10.
2  California law also permits substituted service on a person to be served pursuant to Section
3  416.10 "by leaving a copy of the summons and the complaint during usual office hours in his
4  or her office . . . with the person who is apparently in charge thereof." Cal. Code Civ. Proc.
5  § 415.20(a). Before resorting to substituted service, however, a plaintiff must first make
6  reasonably diligent (i.e. two or three) attempts at personal service. Bein v. Brechtel–Jochim
7  Group, Inc., 6 Cal. App. 4th 1387, 1390 (1992).

8      A process server for Heifetz personally served a copy of the summons and the
9  complaint on David Ballot, Foodservice's agent for service of process. Proof of Service of
10 Summons on Nation's Foodservice. This constitutes proper service on Foodservice. See
11 Fed. R. Civ. P. 4(e)(1) (providing for service "pursuant to the law of the state in which the
12 district court is located"); Cal. Code Civ. P § 416.10(a), (b) (providing that a summons and
13 complaint may be served on a corporation by delivering a copy of the documents to the
14 "person designated as "agent for the service of process").

15     That is not the case for Breed Properties. The sole proof of service as to Breed
16 Properties indicates that the summons and complaint were left with one Stephanie Varisto,
17 and not with Breed Properties' agent for service of process, a man named Ned Robinson.[2]
18 See Proof of Service (dkt. 7). For that reason, the requirements of Rule 4(h)(1)(B) are not
19 met. Service of the summons and complaint also did not comport with California state law,
20 and so the requirements of Rule 4(h)(1)(A) are not met either. The record does not show any
21 further attempts to personally serve an individual authorized by Breed Properties to accept
22 service on its behalf beyond the one failed attempt to serve Ned Robinson. One attempt at
23 personal service does not constitute a reasonably diligent attempt at personal service
24 sufficient to allow substituted service on a defendant. See, e.g., Bein, 6 Cal. App. 4th at 1390
25 (holding that "two or three attempts at personal service at a proper place should fully satisfy
26 the requirement of reasonable diligence and allow substituted service to be made"). As such,
27 substituted service on Breed Properties was not enough.
28

---

[2] It is unclear what, if any, relationship Stephanie Varisto has with Ned Robinson.

4

1    Failed service cannot support the entry of a default judgment. See Mason v. Genisco
2    Tech. Corp., 960 F.2d 849, 851 (9th Cir. 1992) (finding that failed service nullifies default
3    judgment even where the defendant has actual notice of the action). The Motion for Default
4    Judgment is therefore DENIED as to Breed Properties. But because the Court is satisfied
5    that Foodservice was properly served, it will consider the merits of the present motion as to
6    Foodservice.

### B.   Default Judgment Under Eitel

Heifetz moves for default judgment in the form of injunctive relief, declaratory relief, statutory damages, attorneys' fees, and costs. Mot. at 11. Based on the Eitel factors, the Court finds that Heifetz is entitled to default judgment against Foodservice.

Under the first Eitel factor, absent entry of default judgment, Heifetz is effectively denied a remedy until Defendants appear in the action. Because Heifetz will otherwise suffer prejudice, this factor weighs in favor of entering default judgment. See, e.g., Willamette Green Innovation Ctr., LLC v. Quartis Capital Partners, No. 14-cv-00848, 2014 WL 5281039, at *6 (N.D. Cal. Jan. 21, 2014) (citations omitted) ("Denying a plaintiff a means of recourse is by itself sufficient to meet the burden posed by this factor.").

The second and third Eitel factors—concerning the merits of Heifetz's substantive claims and the sufficiency of the complaint—also weigh in favor of granting default judgment. See Compl. ¶¶ 8–28, 52–55; Eitel, 782 F.2d at 1471–72. The Court concludes that Heifetz has adequately alleged and ADA violation by showing that (1) she is disabled within the meaning of the ADA;[3] (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) she was denied public accommodations by the defendant because of her disability. Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007); see Compl. ¶¶ 8–28. Because a violation of the ADA constitutes a per se violation of the California's Unruh Civil Rights Act  the Unruh Act, the Court also concludes

---

[3] According to complaint, Heifetz is legally blind and is thus "disabled" within the meaning of the ADA. Compl. ¶11; see 42 U.S.C. § 12102(1), (2) (defining "disability" as a "physical or mental impairment that substantially limits one or more major life activities such as seeing or walking").

5

that Heifetz properly states a claim under the Unruh Civil Rights Act. See id. § 51(f); Lentini v. California Ctr. for the Arts, Escondido, 370 F.3d 837, 847 (9th Cir. 2004) ("a violation of the ADA is, per se, a violation of the Unruh Act"). Finally, the Court concludes that Heifetz adequately states a claim under the California Health and Safety Code by alleging that Nation's is a public accommodation "constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 or both, and that the Facility was not exempt [from compliance] under the Health and Safety Code § 19956." Compl. ¶¶ 52–55. As such, this factor weighs in favor of default judgment.

Turning to the fourth Eitel factor, if the sum of money at stake in the litigation is substantial or unreasonable, default judgment is discouraged. See Eitel, 782 F.2d at 1472 (finding that a three-million dollar judgment weighed against default judgment). Here, Heifetz requests a modest sum of $12,690.50, which includes attorneys' fees and costs. Supp. Karbelashvili Decl. at 3. This factor weighs in favor of granting default judgment.

Under the fifth Eitel factor, default judgment is discouraged if the parties to a case dispute the material facts alleged in the complaint. Eitel, 782 F.2d at 1472 (finding that a district court properly denied default judgment where "the parties disputed the material facts in the pleadings"). Here, there is no possibility of a dispute over material facts because, upon an entry of default by the Clerk, the factual allegations of the complaint with regards to liability are taken as true. See Derek Andrew, Inc. v. Poof Apparel Corp., 528 F.3d 696, 702 (9th Cir. 2008).

Under the sixth Eitel factor, a court may deny default judgment if a defendant's default is due to excusable neglect. Eitel, 782 F.2d 1472 (finding that the district court properly denied default judgment where the defendant's default was excusable neglect). Given that Foodservice was properly served and failed to appear in the present action, the record contains no evidence of excusable neglect. See Proof of Service (dkt. 6).

Turning finally to the seventh Eitel factor, default judgments are generally disfavored compared to decisions on the merits. See Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985). That notwithstanding, Foodservice's failure to appear has made a

decision on the merits impossible. See Eitel, 782 F.2d at 1471–72. The Court thus concludes that all Eitel factors weigh in favor of default judgment, and GRANTS Heifetz's Motion for Default Judgment.

### C. Relief Sought

Heifetz seeks declaratory relief, injunctive relief, statutory damages, attorneys' fees, and costs. See Mot. at 1.

#### 1. Declaratory and Injunctive Relief

Based on the sufficiency of Heifetz's allegations and the entry of default against Foodservice, the Court finds that Heifetz is entitled to a declaration that, as it pertains to Nation's, Foodservice violates Title III of the ADA. The Court also finds that Heifetz is entitled to an injunction under the ADA, the California Unruh Act, and the California Health & Safety Code ordering the removal of each of the alleged barriers she encountered at Nation's. See 42 U.S.C. § 12188(a)(2); Cal. Civ. Code § 55; Cal. Health & Safety Code §§ 19953, et seq.

#### 2. Statutory Damages

Because the Unruh Civil Rights Act provides for a minimum statutory damages award of $4,000.00 for each occasion an individual is denied equal access to an establishment covered by the Unruh Act, the Court finds that Heifetz is entitled to a total of $8,000.00 in statutory damages for her two documented visits to Nation's. See Cal. Civ. Code § 52(a).

#### 3. Attorneys' Fees and Costs

A court may, in its discretion, award attorneys' fees and litigation expenses, including expert witness fees, to the prevailing party in a discrimination action. 42 U.S.C. § 12205. As such, the Court, in its discretion, awards Heifetz her requested amounts of $2,957.50 in attorneys' fees, $953.00 in litigation expenses, and $780.00 in expert witness fees.

### IV. CONCLUSION

For the foregoing reasons, the Court DENIES the Motion for Default Judgment with respect to Breed Properties, and GRANTS the Motion for Default Judgment with respect to Foodservice. The Court ORDERS that Heifetz be awarded $8,000.00 in statutory damages,

$2,957.50 in attorneys' fees, $953.00 in costs, and $780.00 in expert witness fees, for a total award of $12,690.50, as well as the requested declaratory and injunctive relief.

**IT IS SO ORDERED.**

Dated: February 23, 2017



CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE